IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JASON T. TALBOT,<br><br>          Plaintiff,<br><br>vs.<br><br>JONATHAN NIKOLAUS TOKARSKI,<br><br>          Defendant. | CV-14-117-BLG-SPW-CSO<br><br>**FINDINGS AND RECOMMENDATIONS of UNITED STATES MAGISTRATE JUDGE** |

In this personal injury action, Jason Talbot ("Talbot") claims that Jonathan Nikolaus Tokarski ("Tokarski") negligently operated his motor vehicle and injured Talbot. Now pending is Talbot's Motion to Remand. *ECF 5*.

## I.    Background

On August 27, 2014, Talbot filed this action in state court naming Tokarski as the sole defendant. On September 4, 2014, prior to being served with state court process, Tokarski removed the case to this Court. *See ECF 1*. Talbot now moves to remand to state court. *ECF 5*.

## II.    The Parties' Arguments

Talbot acknowledges that complete diversity exists because he is a citizen of Oklahoma and Tokarski is a Montana citizen. But Talbot

-1-

argues that removal was improper because Tokarski is the only defendant and a defendant who is a citizen of the State in which an action is brought may not remove. *ECF 5* at 2. Talbot cites the 28 U.S.C. § 1441(b)(2). This statute is commonly referred to as the "forum defendant rule."

Tokarski responds that removal is proper because, at the time he filed his notice of removal, he had not yet been served. He argues that 28 U.S.C. § 1441(b)(2) prohibits removal only if a properly joined "and served" forum defendant is a citizen of the forum state.

### III. **Discussion**

#### A. **Standards Applicable to Motion to Remand**

In general, removal statutes are to be strictly construed, and courts should resolve any doubts in favor of remand. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). The defendant has the burden of establishing that removal is proper. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Challenges to removal raise significant federalism concerns because "the effect of removal is to deprive the state court of an action properly before it . . . ." *County of Santa Clara ex rel. Marquez v.*

*Bristol Myers Squibb Co.*, 2012 WL 4189126 (N.D. Cal. 2012) (citing *Grable & Sons Metal Products, Inc. v. Darue Engr. & Mfg.*, 545 U.S. 308, 312 (2005)). These federalism concerns include protecting against "a potentially enormous shift of state cases into federal court." *Id.* (quoting *Grable & Sons Metal Products, Inc.*, 545 U.S. at 312).

Courts must be mindful that the central purpose of removal based on diversity jurisdiction is "to protect out-of-state defendants from possible prejudices in state court." *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006). When the defendant is from the forum state, there is no such need for protection. *Id.*

B. <u>**Rules of Statutory Interpretation**</u>

In construing a statute, courts should interpret the statute "as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." *Boise Cascade Corp. v. U.S. E.P.A.*, 942 F.2d 1427, 1432 (9th Cir. 1991). Generally, "the authoritative statement is the statutory text, not the legislative history or any other extrinsic material." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 568 (2005).

A court may look beyond the plain statutory meaning if the language is ambiguous, or if the plain meaning leads to an absurd result. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 200 (1993); *Safe Air For Everyone v. U.S. E.P.A.*, 488 F.3d 1088, 1099 (9th Cir. 2007). The plain language of the statute may also be disregarded if a "literal interpretation would thwart the purpose of the over-all statutory scheme . . . ." *U.S. ex rel. Barajas v. U.S.*, 258 F.3d 1004, 1012 (9th Cir. 2001) (internal citation omitted); *see also U.S. v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940) (finding the purpose of the statute should be followed when the literal words would be at odds "with the policy of the legislation as a whole").

### C. Analysis

As noted, the issue here concerns the proper interpretation of the "joined and served" language in § 1441(b)(2). Courts have split on the proper interpretation of this language. The Ninth Circuit has not yet addressed this issue. A look at district court decisions within the Ninth Circuit reveals conflicting holdings. Some have applied the apparent literal meaning of the statute to deny remand (*see Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.,* 881 F.Supp.2d 1125 (N.D. Cal.

2012), while others have reasoned that the statute is meant to prevent fraudulent joinder and does not apply where the notice of removal is filed before the plaintiff is able to effect service (*see, e.g., Hoskinson v. Alza Corp.,* 2010 WL 2652467 (E.D. Cal.) (holding that a case may be remanded "upon the timely motion of a plaintiff who did not have sufficient opportunity to effect service on a forum defendant before removal"); *Kashan v. Hasemi,* 2010 WL 1444884 (C.D. Cal.) (ordering remand where notice of removal was filed before any defendant had been served in state court)).

Similarly, cases decided outside the Ninth Circuit are split, and generally fall into three categories: (1) denying remand, reasoning that the plain language of the statute allows pre-service removal by a forum defendant;[1] (2) granting remand, after finding that a literal interpretation of the statutory language would create an absurd result;[2] or (3) granting remand, after finding that the plain language of the

---

[1] *Terry v. J.D. Streett & Co., Inc.*, 2010 WL 3829201 (E.D. Mo. 2010); *Yocham v. Novartis Pharm. Corp.*, 2007 WL 2318493 (D.N.J. Aug. 13, 2007); *Frick v. Novartis Pharm. Corp.*, 2006 WL 454360 (D.N.J. Feb. 23, 2006).

[2] *See, e.g., Allen v. GlaxoSmithKline PLC*, 2008 WL 2247067 (E.D. Pa. May 30, 2008).

statute permits removal only after the service of at least one defendant.[3]

The forum defendant rule provides:

A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. 1441(b)(2). The legislative history does not explain the purpose for including the specific "joined and served" language, but courts "have interpreted it as an effort to prevent gamesmanship by plaintiffs." *See, e.g., Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (noting that in the view of many courts, the purpose of this language is "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve").

Here, for the following reasons, the Court concludes that Tokarski has not met his burden of proving that removal is proper. First, as other courts have held, the statutory provision – that prohibits removal

---

[3] *Hawkins v. Cottrell, Inc.*, 785 F. Supp. 2d 1361, 1364 (N.D. Ga. 2011); *R & N Check Corp. v. Bottomline Technologies, Inc.*, 2013 WL 6055233 (D.N.H. Nov. 15, 2013); *FTS Int'l Servs., LLC v. Caldwell Baker Co.*, 2013 WL 1305330 (D. Kan. Mar. 27, 2013).

in a diversity case "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" – implies that there is at least one defendant that is a party in interest that has been properly joined and served. *See, e,g., Hawkins v. Cottrell, Inc.,* 785 F.Supp.2d 1361, 1369 (N.D. Ga. 2011) (holding that removal was improper where no party in interest had been properly served). *See also Morris v. Alza Corp.*, 2010 WL 2652473 (E.D. Cal. 2010) (case remanded where plaintiff "did not have sufficient opportunity to effect service on a forum defendant before removal.").

Second, allowing the forum defendant to avoid the forum defendant rule by racing to remove the case before being served would frustrate the purpose of the overall statutory scheme. There is no need for protection from local bias when the sole defendant is a forum defendant. *Lively*, 456 F.3d at 490; *Am. Trucking Ass'ns*, 310 U.S. at 543; *see also Ibarra v. Protective Life Ins. Co.,* 2009 WL 1651292 (D. Ariz. 2009). Interpreting the statute to allow such removal would encourage gamesmanship – which the statute was intended to prevent. Thus, the Court will recommend that Talbot's motion to remand be granted. To hold otherwise would "eviscerate the purpose of the forum defendant rule." *Massachusetts Mut. Life Ins. Co. v. Mozilo,* 2012 WL

11047336, *2 (C.D. Cal.) (*citing Sullivan v. Novartis Pharm. AG*, 2006 WL 454360 (D.N.J.).

Talbot requests costs and attorney's fees against Tokarski for improper removal. Courts have broad discretion in determining whether to award attorney's fees. But if the removing party has an "objectively reasonable basis" for removal, attorney's fees should not be awarded absent unusual circumstances. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). Here, due to the unsettled nature of the law and the inconsistent holdings among the courts, the Court finds that Tokarski had an objectively reasonable basis on which to file the notice of removal. Thus, the Court recommends that Talbot's request for costs and attorney's fees be denied.

## IV. <u>CONCLUSION</u>

Based on the foregoing, IT IS RECOMMENDED that Talbot's motion to remand (*ECF 5*) be GRANTED, to the extent it seeks remand of this case to the Montana Thirteenth Judicial District Court, Yellowstone County, but DENIED to the extent that it requests costs and attorney's fees.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendations of United States

Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 24th day of October, 2014.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge